### TUTHILL v. LONG ISLAND R. CO.

(Supreme Court, General Term, Second Department.   October 26, 1894.)

DAMAGES FOR PERSONAL INJURIES—WHEN NOT EXCESSIVE.

A judgment for $18,500 will not be disturbed as excessive, where the medical testimony shows that plaintiff's condition is incurable, and will grow worse until he becomes entirely helpless.

Appeal from circuit court, Orange county.

Action by Gabriel Tuthill against the Long Island Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff for $18,500, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

For decision on appeal from order denying defendant's motion for a change of venue, see 26 N. Y. Supp. 1029.

Argued before BROWN, P. J., and DYKMAN and CULLEN, JJ.

W. C. Beecher, for appellant.

Vanamee, Watts & Vail, for respondent.

DYKMAN, J. This is an appeal from a judgment entered upon a verdict in favor of the plaintiff for $18,500, and from the order denying the motion of the defendant for a new trial upon the minutes of the court. The action was brought for the recovery of damages resulting to the plaintiff from personal injuries received upon the defendant's railroad. The principal question litigated upon the trial had reference to the extent and permanence of the plaintiff's injuries, and the amount of damages which he should receive, and the appeal is presented to us in substantially the same way; and a perusal of the case shows that the jury was entirely justified in finding the defendant guilty of negligence, and the plaintiff free from negligence, which contributed to the injury. In respect to the injuries of the plaintiff, the testimony of the physicians presented by him and by the defendant led inevitably to the conclusion that the injuries to the plaintiff were permanent and of extreme severity. One of the physicians stated that he looked upon the case as one of progressive paralysis, and that the consequences reasonably certain to follow were that the plaintiff would become helpless after a time; that he would need attendance, probably, to dress him and feed him, after a time; and that he thought he would need medical attendance. He then stated as follows:

"He is suffering from a concussion of the whole nervous system, including the spinal column, particularly the spine and brain. He stands in a stooped position, trembling, uncertain as to his legs supporting him, the right leg more uncertain than the left; hand trembling, and head dizzy, and ringing in the ears. He has not good control of his legs, and uses them as if they were artificial; no power to grasp objects with the right hand. On stripping him, I found tenderness the whole length of the spinal column; increasing tenderness beginning at the upper dorsal."

Another physician, who was the attending physician to the plaintiff, stated as follows:

"In my judgment his condition is incurable. His general nervous condition will grow worse; likewise his paralysis; and judging from his past condition, and the progression that has been made in that direction, his mental condition will keep pace with it. That would be my judgment, having watched him closely from the beginning. He will need medical assistance. He does at the present time, and will continue, in my judgment. He will need the attendance of a nurse,—probably more than one. This condition is progressive. In my judgment, it is certain to become worse; that is my judgment. I think he will never be able to control his action, or any occupation."

This testimony, in connection with others which it is deemed unnecessary to recite, exhibits the plaintiff in a most deplorable condition, and we are by no means prepared to say that the amount awarded to the plaintiff is in excess of compensation for the injuries he has sustained. Judgment and order appealed from should be affirmed, with costs.